# Hamner *v.* Holman.

## *Statutory Action of Detinue.*

1. *Action of detinue; proceeding before justice of the peace; waiver of irregularity.*—Where in the institution of an action of detinue before a justice of the peace, the justice in issuing the affidavit, bond and writ, through mistake, used the printed forms applicable to attachments, and no complaint was filed nor summons issued, but the property was seized by the officer and the defendant was orally notified by him of the day of trial, and upon the day set for the trial the plaintiff and the defendant appeared, and by the consent of the defendant the plaintiff filed a complaint in detinue, on which issue was joined and the trial was had, all prior defects and irregularities in the proceedings are cured by the subsequent filing of the complaint and the joinder of issue thereon and the trial of such issue; and the facts justifying the recovery, the plaintiff is entitled to a judgment.

2. *Same; same; sufficiency of complaint.*—Where in such a case the plaintiff, in the complaint filed, after seizure of the property by the officer under the writ, "claims of the defendant the following personal property [describing it], which is now in the possession of * * * the bailiff, who seized it under the writ of detinue in this case, with the value of the use and hire thereof during detention," is sufficient and not subject to the objection that the property claimed was not in the possession of the defendant, but in the possession of the bailiff; since reference to the bailiff's possession should be treated as surplusage, and, with it eliminated, the complaint is in strict conformity to the form prescribed by the Code for an action of detinue.

APPEAL from the Circuit Court of Tuscaloosa.
Tried before the Hon. S. H. SPROTT.

This is a suit in detinue for 1,000 pounds of lint cotton, brought by appellee, T. L. Holman against the appellant, J. M. Hamner, in the justice court of one W. W. Elrod. The record on this appeal shows substantially the following facts: On December 23d, 1895, Holman made an affidavit before said Elrod that J. M. Hamner was indebted to him in the sum of two bales of cotton; he gave bond in twice the value of the cotton and the justice issued a writ, reciting that J. M. Hamner had in his possession two bales of cotton on which T. L. Holman held a mortgage given by S. B. and C. A. Webb, and commanding the constable to "attach of the estate of the said cotton" as will be sufficient to satisfy the debt, etc. With these papers in his hands, the constable seized about one thousand pounds of lint cotton in J. M. Hamner's possession, and told him that Holman had brought a detinue suit against him, and that it would be tried in Elrod's court on the 28th day of December, 1895; but no complaint was filed, nor was any summons issued by the justice or served on Hamner. On the trial day announced, Holman and Hamner and their attorneys went to Elrod's court. When the case was called for trial, Holman's counsel stated that he wanted to file a complaint, and forthwith, with the consent and agreement of Hamner's counsel, he filed a complaint, which is copied in the opinion.

The cause was tried by the court without the intervention of a jury upon an agreed statement of facts, in which the following appears: "That the value of the cotton sued for was $70, and that for the purposes of the trial in the circuit court the legal title and the immediate right to the possession of said cotton was in the plaintiff at the commencement of the suit and at the time of the trial; it was further agreed that said cotton was taken from the possession of the defendant on the 23d day of December, 1895, by the constable under the alleged writ of detinue, and that after the 23d day of December, 1895, the said cotton was not in the possession of the defendant, nor under his control, but was in the possession or under the control of the said constable, M. M. Elrod, and that at the time of the trial of the said case in the circuit court, the possession of the said cotton was in the plaintiff in detinue."

Upon the hearing of the cause, the court rendered

judgment for the appellant. From this judgment the defendant appeals, and assigns as error the rendition thereof, and the refusal of the court to require the plaintiff to file a new complaint in the circuit court.

SOMERVILLE & VERNER, for appellants.—The facts do not warrant a judgment for Holman. There was no suit of any sort begun against Hamner until the 28th day of Dec., 1895, when Holman filed a complaint. At that time, as alleged and proved, the cotton described therein was *in the possession of a third person*. The hybrid documents called an affidavit, bond and writ of detinue were utterly void, incoherent and meaningless. They did not begin a detinue suit or any suit. The whole thing was entirely destitute of the form of law, and there was nothing to waive. The only thing waived was the service of the summons and the necessary legal notice.—*Hemphill v. Coats*, 4 Stew. & P. 125 ; Code, 1886, § 2717.

The court should have required the appellee to file a complaint in the circuit court, and until such a complaint was filed there was nothing upon which issue could be joined and tried.—*Moffitt v. Bragg*, 9 Porter, 424 ; *Roden v. Roland*, 1 Stewart, 266 ; *Gayle v. Turner*, Minor, 204 ; *Steelman v. Owen*, 8 Porter, 562 ; *Arundale v. Moore*, 42 Ala. 482 ; *Simmons v. Titche Bros.*, 102 Ala. 317 ; *R. & D. R. R. Co. v. Jones*, 102 Ala. 212 ; *Elmore v. Simon*, 67 Ala. 528 ; *Heyman v. McBurney*, 66 Ala. 511.

JONES &'BROWN, *contra*.

McCLELLAN, J.—The justice of the peace in formulating the affidavit and bond and issuing the writ in this case, which was intended to be an action of detinue, became entangled with printed forms of the affidavit, bond'and writ in attachment. The result is ludicrous ; but sufficient appears in the several papers to show that the plaintiff's real cause of action was in detinue for the recovery of two bales of cotton which he claimed title to under a mortgage. The cotton was seized by the officer and the defendant was orally notified by him of the day of trial. The defendant appeared on the day set for the trial with his attorney, and came also the plaintiff with

his attorney, "and there being no complaint of any kind
on file, plaintiff's attorney by, and with the agreement
and consent of defendant's attorney, prepared and filed"
the following complaint, (the property being still in the
hands of the officer under the seizure in detinue) : "T.
L. Holman, plaintiff, v. J. M. Hamner, defendant.
Justice Court of W. W. Elrod. The plaintiff claims of
the defendant the following personal property, viz.,
Two bales of cotton containing 1,000 lbs. of lint cotton,
more or less, which cotton is now in the possession of
M. M. Elrod, the bailiff who seized it under the writ of
detinue in this case, with the value of the use or hire
thereof during detention, viz., from the 22d day of Dec.,
1895." Issue was joined on this complaint, the trial
was had before the justice, and judgment in detinue
was by him rendered for the plaintiff. It is, we think,
too clear for argument that all prior defects in the pro-
ceedings before the justice—the want of a summons to
the defendant, the irregularities, &c. in the form of the
bond, affidavit and writ, &c.—were cured by the filing
of this complaint by agreement and consent of the par-
ties, its acceptance by the defendant as a good complaint
for the recovery of the cotton from the defendant and
the taking of issue—by which it is to be understood that
defendant pleaded in effect that the property did not be-
long to plaintiff—on the complaint and the trial of such
issue ; and from the filing of the complaint, under the
circumstances shown, it is to be considered that the
whole proceeding was a regular and orderly prosecution
of an action in detinue.

On appeal to the circuit court, the defendant de-
manded that plaintiff should file a new complaint on the
theory that the complaint filed before the justice was
not a sufficient complaint or no complaint at all. The
argument in support of this idea is that the complaint
filed in the justice's court claimed property not in the
possession of the defendant, but in the possession of the
bailiff. This is a mistaken view. The property was
claimed by the complaint as being in the possession of
the defendant at the time of suit brought, and the refer-
ence to the bailiff's possession at time of complaint
filed was manifestly made as mere identification of the
property sought to be recovered. This reference to the
bailiff's possession may well be treated as surplusage,

and with it eliminated, the complaint is in strict con-
formity to the form prescribed in the action of detinue.
Code of 1886, p. 795.

The circuit court properly declined to require plain-
tiff to file a complaint in the circuit court, and com-
mitted no error on the agreed facts in rendering judg-
ment—the trial being without jury—for the plaintiff.

Affirmed.